**Xing Guo WANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney**

General,[1] Respondent.

No. 04–0800–AG.

United States Court of Appeals,
Second Circuit.

Jan. 18, 2006.

Thomas v. Massucci, New York, New York, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey, Rudolph A. Filko, Assistant United States Attorney, Newark, New Jersey, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. BARRINGTON D. PARKER, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

SUMMARY ORDER

Xing Guo Wang, through counsel, petitions for review of an order of the Board of Immigration Appeals ("BIA"), affirming a decision of an Immigration Judge ("IJ") denying Wang his application for asylum, withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. § 1231(b)(3), and protection under Article 3 of the United Nations Convention Against Torture ("CAT"), adopted Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

As a preliminary matter, Wang correctly asserts that a petitioner could claim political asylum based on his traditionally married wife's forced sterilization. *See Qiu v. Ashcroft*, 329 F.3d 140, 148 (2d. Cir.2003) (noting, where we were presented with an appeal from a traditionally married applicant, that a petitioner may "stand in his wife's shoes," according to the BIA's decision in *In re C–Y–Z–*, 21 I & N Dec. 915 (BIA 1997)). Even if the IJ's holding can be understood as requiring evidence of an official marriage in order to derivatively establish past persecution, other "evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand." *Cao He Lin v.*

*United States Dep't of Justice*, 428 F.3d 391, 392 (2d Cir.2005).

We are persuaded that the inconsistencies in the petitioner's testimony constitute substantial evidence supporting the IJ's adverse credibility finding. *See Zhang v. INS*, 386 F.3d 66, 77 (2d Cir. 2004). Because the petitioner identifies no "reliable, specific objective supporting evidence" that he has faced past persecution, or will face persecution upon his return to China, there is no basis for disturbing the IJ's conclusion that the petitioner failed to meet his burden. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2004). As Wang has not met the standard for granting asylum, his claim for withholding of removal must fail as well. *Id.* Finally, the IJ correctly concluded that the petitioner was ineligible for CAT relief because he offered no evidence that he would more likely than not be tortured if he were to return to China. *See Wang v. Ashcroft*, 320 F.3d 130, 143 (2d Cir.2003) (citing 8 C.F.R. § 208.16).

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).